**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth James JENDRZEY,**
**Defendant–Appellant.**

**No. 05–41273**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Kenneth James Jendrzey pleaded guilty to being a felon in possession of a firearm and ammunition and was sentenced to 78 months of imprisonment and three years of supervised release. Jendrzey appeals his conviction, arguing that 18 U.S.C. § 922(g)(1) is unconstitutional because it does not require a substantial effect on interstate commerce. Alternatively, he contends that evidence of mere movement of the ammunition across state lines is insufficient to establish a substantial effect on interstate commerce. Jendrzey concedes that his arguments are foreclosed, but he raises them to preserve additional review.

The "constitutionality of § 922(g) is not open to question." *United States v. Daugherty,* 264 F.3d 513, 517 (5th Cir. 2001). Evidence that a firearm or ammunition has traveled in interstate commerce at some point in the past is sufficient to support a conviction under § 922(g), even if the defendant possessed the firearm or ammunition entirely intrastate. *United States v. Lee,* 310 F.3d 787, 788–89 (5th Cir.2002); *United States v. De Leon,* 170 F.3d 494, 499 (5th Cir.1999).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.